Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

**ENDORSED**
FILED IN MY OFFICE THIS

JUL 0 2 2020

CLERK DISTRICT COURT
Luke Tessman

# IN THE STATE OF NEW MEXICO
## 2ND JUDICIAL DISTRICT BERNALILLO COUNTY

PETER STROJNIK,

    Plaintiff,

vs.

ALBUQUERQUE BOCA HOTEL, LP.
DBA CROWNE PLAZA
ALBUQUERQUE

    Defendant.

Case No:

**COMPLAINT**

1. Plaintiff brings this action pursuant to the (1) Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design ("ADAAG"), (2) New Mexico's Unfair Trade Practices Act and (3) common law of negligence and/or negligence per se.

**PARTIES**

2. Plaintiff Peter Strojnik is an immigrant, a disabled veteran and a senior citizen.

3. At all times relevant hereto, Plaintiff suffered from the following physical disabilities: prostate cancer, genitourinary impairment, renal cancer, severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, missing right knee ameliorated with a prosthesis, limitation on the use of both shoulders, elbows and wrists, pleurisy, hyper blood pressure.

4. Plaintiff's physical infirmities alleged above do both of the following:

EXHIBIT
A

a. Affect neurological, musculoskeletal, respiratory, cardiovascular, reproductive and genitourinary body systems; and

b. Limit, without regard to mitigated or unmitigated measures, active or inactive state, remissive or non-remissive condition, the following major life activities: walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities.

5. Plaintiff has a history of impairments stated in the preceding paragraph.

6. Plaintiff is regarded as having a physical conditions that limit major life activities.

7. Because of Plaintiff's disabilities, he requires the use of facilities that are accessible to him and have the standard accessibility features of the construction related accessibility standards including those required by 42 U.S.C. Sec. 12101 et seq., 28 C.F.R. Part 36 and the 2010 Standards for Accessibility Design as these laws, standards and regulations relate to Plaintiff walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, carrying stuff and working.



8. Plaintiff has been declared disabled and has been issued a government disability placard reproduced in the margin.

9. The effect of Plaintiff's impairments on major life activities and, consequently, on the personal encounters with accessibility barriers at Defendant's Hotel, must be considered in their mitigated, unmitigated, active, inactive, remissive or non-remissive states. 2008 ADAAA and 28 C.F.R. 36.105.

10. Defendant owns, operates, leases, or leases to a lodging business located at 1901 University Blvd., NE, Albuquerque, NM 87102 ("Hotel").
11. On or about May 23, 2020, Plaintiff travelled from his home to Albuquerque on the way to Santa Fe.
12. Prior to traveling to Albuquerque, Plaintiff reviewed numerous hotels' booking websites to help him determine which identified and described accessibility features in the hotel and the guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the given hotel or guest room met his accessibility needs.
13. Plaintiff reviewed the booking website for Defendant and discovered the following 28 C.F.R. 36.302(e)(1)(ii) identifications and disclosures:

**BOOKING WEBSITES –ACCESSIBILITY INFORMATION**
https://www.ihg.com/crowneplaza/hotels/us/en/albuquerque/abqep/hoteldetail

**INSUFFICIENT AND MISLEADING ACCESSIBILITY INFORMATION**

## Special Needs

The comfort of each and every one of our guests is important to us. Learn about the accessible rooms, spaces and services available at our hotel here, from TTY devices and accessible parking, to assistive listening devices and beyond. Just let us know how we can best accommodate your stay.

3

## Accessible Public Area Details

- The following public areas are accessible:
  -Hotel Entrance
  -All Entrances/Doorways
  -Registration Desk
  -Public Toilets
  -Registration Desk
  -Restaurant
- Lift Access to All Floors
- Lifts Are ADA Compliant
- Lift near Accessible Rooms

## Accessible Parking Details

- Accessible Self-Parking Available
- Van Accessible Self-Parking Available
- Wheelchair Accessible Parking Spaces: 12
- Ramp Access to Property
- Ramp Access to Hotel Bar/Lounge
- Ramp Access to Hotel Restaurant
- Parking Drop Off Point is adjacent to entrance

4

### Accessible Guest Room & Bathroom Details

- Wheelchair Accessible Rooms Available
- ADA Compliant Guest Rooms and Access Routes
- Accessible Door Locks
- Guest Room Furniture Can Be Rearranged
- Emergency Cord/Button in Bathroom
- Emergency Cord/Button in Bedroom
- Grab Bars and Tall Toilets Available
- Adequate Clear Turning Space in Bathrooms
- Tub with Grab Bars
- Portable Bathtub Seats
- Bathtub Seat
- Handheld Shower with Hose
- Built-in Shower Transfer Seats
- Handrails
- Roll-in Showers
- Safety Bar in Shower
- Accessible Bathroom Controls

| |
|---|
| **Identification of Specific Barrier in Plain Language:** Booking website fails to provide information required by 28 CFR §36.302(e)(1)(ii). |
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about May 23, 2020. |
| Table 2. |

14. Plaintiff personally visited Defendant's Hotel on or about May 23, 2020.

5

15. Upon review of the Hotel's accessibility, Plaintiff noted that the Hotel was not compliant with the ADA and implementing regulations, 28 C.F.R. 36 and 2010 Standards for Accessibility Design.

16. Plaintiff subsequently documented that the parking space was in violation of the ADA:



Identification.



No marked passenger loading zone.

Inaccessible check in counters.

Inaccessible snack bar counter.



Inaccessible snack items.

Inaccessible sundry items

8

Inaccessible business center.

Inaccessible bar 1



Inaccessible bar 2.

No handrail on left.

Improperly configured handrail.

More than 5 lbs to open lobby restroom.



Inaccessible route / turning space to bathroom.

Towel dispenser out of reach range.

|  |
|---|
| **Accessible parking slope too steep.** |
| **Identification of Specific Barrier in Plain Language:** As indicate below each photo. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about May 23, 2020. |
| **Table 3.** |

17. Above documented inaccessible elements and routes directly interfere with Plaintiff's performance of major life activities including walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities in a manner that deprive Plaintiff of full and equal enjoyment of the Hotel.

## COUNT ONE
### Violation of Plaintiff's Civil Rights under the ADA

18. Plaintiff realleges all allegations heretofore set forth.
19. By virtue of his disability, Plaintiff requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted as alleged above.
20. Plaintiff visited Defendant's booking website and Defendant's Hotel and personally encountered ADA violations documented above.

21. The ADA violations described above relate to Plaintiff's disability and interfere with Plaintiff's full and complete enjoyment of the Hotel.
22. Plaintiff is deterred from conducting further business with the Hotel until the Hotel has become fully compliant with the ADA.
23. The removal of accessibility barriers listed above is readily achievable.
24. As a direct and proximate result of ADA Violations, Defendant's failure to remove accessibility barriers prevented Plaintiff from equal access to the Defendant's public accommodation.
25. The issuance of injunctive relief will resolve, in part, Plaintiff's ADA claim.

**WHEREFORE**, Plaintiff prays for all relief as follows:

    A. Relief described in 42 U.S.C. §2000a – 3; and

    B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

    C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

    D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

    E. Equitable nominal damages; and

    F. For costs, expenses and attorney's fees; and

    G. All remedies provided for in 28 C.F.R. 36.501(a) and (b).

## COUNT II
### (Violation of the New Mexico's Unfair Practices Act §§57-12-1 *et seq*)

26. Plaintiff realleges all allegations heretofore set forth.
27. New Mexico's Unfair Practices Act ("UPA") prohibits the use of unfair or deceptive trade practices defined, in part, as follows:

57-12-2 Definitions:

    D. "unfair or deceptive trade practice" means an act specifically declared unlawful pursuant to the Unfair Practices Act, a false or misleading oral or

written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services or in the extension of credit or in the collection of debts by a person in the regular course of the person's trade or commerce, that may, tends to or does deceive or mislead any person and includes:

(1) representing goods or services as those of another when the goods or services are not the goods or services of another;

(2) causing confusion or misunderstanding as to the source, sponsorship, approval or certification of goods or services;

(3) causing confusion or misunderstanding as to affiliation, connection or association with or certification by another;

\*\*\*

(7) representing that goods or services are of a particular standard, quality or grade or that goods are of a particular style or model if they are of another;

\*\*\*

(14) using exaggeration, innuendo or ambiguity as to a material fact or failing to state a material fact if doing so deceives or tends to deceive.

28. Defendant's representations on its website relating to the information regarding "Special Needs", "Accessible Public Area Details" and "Accessible Parking Details" reproduced in Table 2 above include statements that are misleading with respect to accessibility elements at the Hotel and use exaggeration, innuendo intended to create the impression that the Hotel is ADA compliant when it is not. *Compare* Table 2 with Table 3.

29. Plintiff has been damaged by Defendant's violation of the UPA in an amount to be proven at trial, but in no event less than $35,000.00.

30. Defendant's lack of recognition of the rights of the disabled displayed in its marketing website, and its treatment of disabled individuals as fully bodies, is socially reprehensible and displays Defendant's ableism and segregationism.

31. Defendant's conduct alleged in this Count and elsewhere in this Complaint is reprehensible and requires a strong deterrent action in the form of punitive damages[1].

---

[1] *Bogle v. Summit Inv. Co.*, 137 N.M. 80, 107 P.3d 520 (N.M. App. 2005). These objectives are of critical importance in the ADA context where Plaintiffs have no monetary recourse other than the imposition of equitable nominal damages under the ADA and where compensatory damages may be *de minimis* or difficult to quantify under negligence law. *Akins v. United Steel Workers, AFL-CIO, CLC Local 187*, 148 NM. 442, 237 P.3d 744 (NM 2010). *See also Sanchez v. Clayton*, 117 N.M. 761, 767,

WHEREFORE, Plaintiff prays for relief pursuant to 57-12-10 as follows:

A. Injunctive relief requiring Defendant to remediate its unfair and discriminatory practices; and

B. For damages in an amount to be proven at trial, but in no event less than $35,000.00; and

C. For punitive damages in an amount commensurate with Defendant's reprehensible conduct and the need for deterrence of similar conduct by others, but in no event less than $50,000.00; and

D. For costs and attorney's fees; and

E. For leave to amend this Complaint to add class action allegations; and

F. For such other and further relief as the Court may deem just and proper.

## COUNT III
### Negligence.

32. Plaintiff realleges all allegations heretofore set forth.

33. Defendant had a duty to Plaintiff to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

34. Defendant breached this duty.

35. Defendant is or should be aware that, historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem[2].

---

877 P.2d 567, 573 (1994) ("Indeed, if the defendant's conduct otherwise warrants punitive liability, the need for punishment or deterrence may be increased by reason of the very fact that the defendant will have no liability for compensatory damages." (citing 1 Dan B. Dobbs, Law of Remedies § 3.11(10), at 515-16 (2d ed. 1993))). The present case is illustrative where a compensatory award against the Hotel may be de minimis or difficult to quantify. *Compare* with *Akins*, "The present case is illustrative; a compensatory award against the Union of a mere $1,661 would hardly deter similar outrageous conduct against other Union members in the future."

[2] 42 U.S.C. §12101(a)(2)

36. Defendant knowingly and intentionally participated in this historical discrimination against Plaintiff, causing Plaintiff damage.
37. Discrimination against individuals with disabilities persists in the use and enjoyment of critical public accommodations[3].
38. Defendant's knowing and intentional persistence in discrimination against Plaintiff and similarly situated persons caused Plaintiff damage by preventing him from lodging at Defendant's Hotel.
39. Individuals with disabilities, including Plaintiff, continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities[4].
40. Defendant's knowing and intentional discrimination against Plaintiff reinforces above forms of discrimination, causing Plaintiff damage.
41. Census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally[5].
42. Defendant's knowing and intentional discrimination has relegated Plaintiff to an inferior status in society, causing Plaintiff damage.
43. The Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals[6].
44. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals of equality, causing Plaintiff damage.
45. Continued existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue

---

[3] 42 U.S.C. §12101(a)(3)
[4] 42 U.S.C. §12101(a)(5)
[5] 42 U.S.C. §12101(a)(6)
[6] 42 U.S.C. §12101(a)(7)

17

those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity[7].

46. Defendant's knowing and intentional unfair and unnecessary discrimination against Plaintiff demonstrates Defendant's knowing and intentional damage to Plaintiff.

47. Plaintiff has been damaged by Defendant's negligence in an amount to be proven at trial, but in no event less than $35,000.00.

48. Defendant's breach of duty caused Plaintiff damages including, without limitation, the feeling of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

49. According to New Mexico common law, punitive damages serve two important policy objectives under our state common law: to punish reprehensible conduct and to deter similar conduct in the future.

50. By violating Plaintiff's civil rights, Defendant engaged in intentional, aggravated and outrageous conduct.

51. The ADA has been the law of the land since 1991, but Defendant engaged in a conscious action of a reprehensible character, that is, Defendant denied Plaintiff his civil rights, and cause him damage by virtue of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

52. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

53. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, and in no event less than $50,000.00.

**WHEREFORE**, Plaintiff prays for relief as follows:

---

[7] 42 U.S.C. §12101(a)(8)

A. For finding of negligence and/or negligence per se; and
B. For damages in an amount to be proven at trial; and
C. For punitive damages to be proven at trial; and
D. For such other and further relief as the Court may deem just and proper.

## REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

DATED this 22nd day of June, 2020.

PETER STROJNIK

*/s/ Peter Strojnik*

Plaintiff
7847 N. Central Avenue
Phoenix, AZ 85020
602-524-6602