# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PETER STROJNIK,

    Plaintiff,

v.

ALBUQUERQUE BOCA HOTEL, LP
D/B/A CROWNE PLAZA
ALBUQUERQUE,

    Defendant.

No. 1:20-cv-00843-WJ-GBW
No. 1:20-cv-00875- WJ-GBW
No. 1:20-cv-00938- WJ-GBW
No. 1:20-cv-00940- WJ-GBW
No. 1:20-cv-00998- WJ-GBW
No. 1:20-cv-01003-WJ-GBW
No. 1:20-cv-01034-WJ-GBW
Consolidated

## MEMORANDUM OPINION AND ORDER
## GRANTING THE STATE OF NEW MEXICO'S MOTION TO INTERVENE

**THIS MATTER** comes before the Court on the State of New Mexico's Motion to Intervene, Doc. 17, filed September 11, 2020 "(Motion")."

The State of New Mexico ("State") asserts that Plaintiff "has repeatedly filed nearly identical lawsuits [in state court] against New Mexico businesses alleging violation of the Americans with Disabilities Act ("ADA")." Motion at 1. "The State moves to intervene as a matter of right in order to secure the timely dismissal of Strojnik's meritless lawsuit, and prevent Strojnik from filing additional baseless suits against other New Mexican businesses." Motion at 1. The State also seeks, in the alternative, permissive intervention. Motion at 2. Because it is granting the State's motion for permissive intervention, the Court does not address the State's argument for intervention as a matter of right.

> Rule 24(b)(1)(B) governing permissive intervention provides that, on timely motion, the court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." In exercising its discretion to permit a party to intervene, "the court must consider whether the

intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed.R.Civ.P. 24(b)(3).

*Tri-State Generation and Transmission Ass'n, Inc. v. New Mexico Public Regulation Comm.*, 787 F.3d 1068, 1074 (10th Cir. 2015).

The State has claims that share common questions of law and fact with the consolidated actions. The State asserts that it "has a strong interest in protecting its residents from unduly burdensome and improper lawsuits," and "an interest in sustaining tourism industries and protecting its tax revenues." Motion at 4. The State seeks "the timely dismissal of Strojnik's meritless lawsuit, and [to] prevent Strojnik from filing additional baseless suits against other New Mexican businesses." Motion at 2. Addressing the State's claim that Plaintiff's lawsuits are meritless will require a determination of whether they lack an arguable basis in either law, including the ADA, or fact. *See Nicodemus v. Union Pacific Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (a case arises under federal law if "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law").

The State's intervention will not unduly delay or prejudice the adjudication of the consolidated actions because these proceedings are in their early stages. The State moved to intervene on September 11, 2020, before the deadline for the Parties to meet and confer regarding the formulation of a provisional discovery plan.

The State has Article III standing to intervene. *See* Response at 6. "Article III standing requires a litigant to show: (1) an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury can likely be redressed by a favorable decision." *Kane County Utah v. United States*, 928 F.3d 877, 888 (10th Cir. 2019). "The element of traceability requires the plaintiff to show that the defendant is responsible for the injury, rather than some other party not

before the court. Finally, the requirement of redressability ensures that the injury can likely be ameliorated by a favorable decision." *S. Utah Wilderness Alliance v. Office of Surface Mining Reclamation & Enforcement,* 620 F.3d 1227, 1233 (10th Cir. 2010).

The State has alleged sufficient facts to show that it has standing to intervene.  The State alleges that Plaintiff "has pursued upwards of 160 cookie-cutter lawsuits in federal court and, from early to later 2016, more than 1,700 such suits in Arizona state court," and that Plaintiff has now "filed eight cases in the Second Judicial District Court for the State of New Mexico."  Motion at 1-2.  The State also alleges that it "has an interest in sustaining tourism industries and protecting its tax revenues," that frivolous lawsuits harm the State's interests, and that dismissal of Plaintiff's frivolous lawsuits will protect the State's interests.  Motion at 1-4; *see also* Reply at 6, Doc. 31, filed October 1, 2020 (quoting *Utahns for Better Transp. v. U.S. Dept. of Transp.*, 295 F.3d 1111, 1115 (10th Cir. 2002) ("The threat of economic injury from the outcome of litigation undoubtedly gives a petitioner the requisite interest"); citing *Sierra Club v. Robertson*, 960 F.2d 83, 86 (8th Cir. 1992) (stating "State is a government entity, obliged to represent the interests of all of its citizens … [and]has an interest in protecting and promoting the state economy on behalf of all of its citizens … [and] has an interest in protecting its tax revenues").  A decision by the Court favorable to the State will protect the State's interests because it will protect the State's residents from additional improper lawsuits.

Because it is granting the State's Motion to Intervene, the Court directs the State to file a response to Plaintiff's motions to remand the brand deceit claims.  *See* Doc's 36, 37, 40, 43 and 51, filed October 15-31, 2020.

**IT IS ORDERED** that:

(i) The State of New Mexico's Motion to Intervene, Doc. 17, filed September 11, 2020, is **GRANTED.**

- 4 -

(ii)    The State of New Mexico shall, within 21 days of entry of this Order, file a response to Plaintiff's pending motions to remand the brand deceit claims.  Plaintiff may file a reply within 14 days of service of the State of New Mexico's response.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE