# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PETER STROJNIK,

      Plaintiff,

v.

ALBUQUERQUE BOCA HOTEL, LP
D/B/A CROWNE PLAZA
ALBUQUERQUE,

      Defendant.

No. 1:20-cv-00843-WJ-GBW
No. 1:20-cv-00875-WJ-GBW
No. 1:20-cv-00938-WJ-GBW
No. 1:20-cv-00940-WJ-GBW
No. 1:20-cv-00998-WJ-GBW
No. 1:20-cv-01034-WJ-GBW

Consolidated

## MEMORANDUM OPINION AND ORDER
## DENYING MOTIONS TO REMAND BRAND DECEIT CLAIMS

Each of Plaintiff's Complaints assert claims: (i) in Count 1 for violations of the Americans with Disabilities Act ("ADA"); (ii) in Count 2 for violations of the New Mexico Unfair Practices Act which include a "brand deceit" claim arising from the "deceptive self-identification through the purchase and use of nationally recognizable brand names such as 'Holiday Inn', 'Hilton', 'Hyatt', 'Marriott' in order to hide the true ownership and operational management of the hotel or motel;" and (iii) in Count 3 for Negligence related to Defendants' violation of the ADA.

Plaintiff filed five motions to remand. *See* Doc's 36, 37, 40, 43, and 51, filed October 15 through October 31, 2020.

Three of the motions relate to *Strojnik v. Historic Hotel, LLC dba Hotel Andaluz Albuquerque, Curio Collection by Hilton*, No. 1:20-cv-00998-WJ-GBW. *See* Doc's 36, 40 and 51 ("Motion 36," "Motion 40" and "Motion 51"). Motions 36 and 40 ask the Court to remand the "Brand Deceit claim in Count 2" to the 2nd Judicial District pursuant to 28 U.S.C. § 1441(c).

Motion 51[1] does not appear to be a motion because it begins "In its Reply, Defendant argues …," states "Defendant misstates the law," and contends that "not a single fact overlaps between the ADA claim and the Brand Deceit claim. The Band [sic] Deceit claim must be remanded to the State Court."  Motion 51 at 1-2.  To the extent that Plaintiff intended Motion 51 to be a motion, the Court denies Motion 51.

Two of the motions relate to *Strojnik v. Ashford Posada,L.P. dba La Posada de Santa Fe, a Tribute Portfolio Resort and Spa*, No. 1:20-cv-00940-WJ-GBW.  *See* Doc's 37 and 43 ("Motion 37" and "Motion 43").  Motions 37 and 43 ask the Court to remand the "Brand Deceit claim in Count 2" to the 2nd Judicial District pursuant to 28 U.S.C. § 1441(c).

Plaintiff asserts that "[t]here is not a single fact that overlaps between the ADA claim and the Brand Deceit claim," and that, consequently, the Court does not have supplemental jurisdiction over Plaintiff's brand deceit claims.  Plaintiff seeks remand of the brand deceit claims pursuant to 28 U.S.C. § 1441(c).  Section 1441(c) regarding removal of civil actions states in relevant part: "Upon removal of an action … the district court shall sever from the action all claims [not within the original or supplemental jurisdiction of the district court] and shall remand the severed claims to the State court from which the action was removed."  28 U.S.C. § 1441(c)(2).

Defendant Historic Hotel, LLC, filed a Response opposing Plaintiff's motion to remand the brand deceit claim stating:

> The "brand deceit" claim is inextricable to Mr. Strojnik's ADA claim.  In fact, all claims in the Complaint are entirely derivative of Mr. Strojnik's ADA investigation of Historic Hotel, LLC.  Mr. Strojnik acknowledges the same and refers by reference to all allegations of his Complaint in support of "brand deceit."  Additionally, Mr. Strojnik states that he reviewed hotel booking websites prior to traveling to Albuquerque, New Mexico, allowing him to determine whether the

---

[1] Motion 51 does not refer to *Strojnik v. Historic Hotel, LLC dba Hotel Andaluz Albuquerque, Curio Collection by Hilton*, No. 1:20-cv-00998-WJ-GBW, in the text of the Motion, but has the case number "No. 1:20-cv-00998-WJ-GBW" **bolded** in the caption.

2

> hotels had accessibility features … Mr. Strojnik's investigation began when he viewed the website and all claims are based on this investigation.

Response at 3-4, Doc. 48, filed October 29, 2020.

Intervenor State of New Mexico ("State") filed a Response opposing Plaintiff's motions to remand the brand deceit claims stating the Court has supplemental jurisdiction over the brand deceit claims because:

> Plaintiff's brand deceit claims are predicated on his ADA claims. The claims arise out of the same allegations, and Plaintiff asserts the same facts for both claims. The Court has original jurisdiction over the ADA claims and the brand deceit claims are part and parcel to the ADA claims.

Doc. 60, filed December 18, 2020. Plaintiff incorrectly "notes that Intervenor's Response to Motions to Remand … is too late." Reply at 1, Doc. 61, filed December 19, 2020 (citing D.N.M.LR-Civ. 7.4 which sets a 14-day period for filing of responses). The State timely filed its Response pursuant to the Court's Order directing the State to file a response. *See* Doc. 59, filed December 1, 2020 (granting State's motion to intervene and directing State to file a response within 21 days); D.N.M.LR-Civ. 1.7 (allowing a Judge to waive the Local Rules to avoid injustice).

The Court concludes it has supplemental jurisdiction over Plaintiff's brand deceit claims. "[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action with such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "A claim is part of the same case or controversy if it 'derive[s] from a common nucleus of operative fact.'" *Price v. Wolford*, 608 F.3d 698, 702-703 (10th Cir. 2020) (quoting *City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 165 (1997)).

> The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole.

3

*United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). All of Plaintiff's claims arose after Plaintiff reviewed Defendants' websites and visited Defendant' hotels. Plaintiff's claims are such that he would be expected to try them all in one judicial proceeding. In fact, Plaintiff filed his ADA and brand deceit claims in one judicial state proceeding for each Defendant. Furthermore, Plaintiff has previously stated that "[t]he 'brand deceit' issue is particularly relevant in ADA cases because the franchisor or owner of the brand under which the unknown hotelier operates … does not have sufficient control over the place of lodging to be considered the 'operator' for ADA liability purposes." Response to Motion to Intervene at 5 n.4, Doc.18, filed September 18, 2020 (stating "Defendant's rental of the ["the well-known, internationally recognized and highly regarded"] 'Crowne Plaza' brand was designed specifically to mislead the traveling public, including the Plaintiff").

The Court denies Plaintiff's initial Motions to remand the brand deceit claims, Motions 36 and 37, because Plaintiff's brand deceit and ADA claims are such that he would ordinarily be expected to try them all in one judicial proceeding. The Court denies Plaintiff's subsequent, redundant Motions to remand the brand deceit claims, Motions 40 and 43, as moot.

**Notice to Plaintiff**

Plaintiff filed two redundant motions, and one motion which had the form of a surreply, which caused the Court to expend valuable resources unnecessarily. The Court notifies Plaintiff that if he files additional frivolous documents, the Court may impose sanctions.

**IT IS ORDERED** that:

(i) Plaintiff's Motion to Remand the Brand Deceit Claim in Count 2 to the 2nd Judicial District Pursuant to 28 U.S.C. 1441(c), Doc. 36, filed October 15, 2020, is **DENIED.**

(ii) Plaintiff's Motion to Remand, Doc. 37, filed October 15, 2020, is **DENIED.**

(iii) Plaintiff's Motion to Remand the Brand Deceit Claim in Count 2 to the 2nd Judicial District Pursuant to 28 U.S.C. 1441(c), Doc. 40, filed October 16, 2020, is **DENIED as moot.**

(iv) Plaintiff's Motion to Remand, Doc. 43, filed October 19, 2020, is **DENIED as moot.**

(v) Plaintiff's Motion to Remand the Brand Deceit Claim in Count 2 to the 2nd Judicial District Pursuant to 28 U.S.C. 1441(c), Doc. 51, filed October 31, 2020, is **DENIED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE