IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PETER STROJNIK,

       Plaintiff,

v.

ALBUQUERQUE BOCA HOTEL, LP
D/B/A CROWNE PLAZA
ALBUQUERQUE,

       Defendant.

No. 1:20-cv-00843-WJ-GBW
No. 1:20-cv-00875-WJ-GBW
No. 1:20-cv-00938-WJ-GBW
No. 1:20-cv-00940-WJ-GBW
No. 1:20-cv-00998-WJ-GBW
No. 1:20-cv-01034-WJ-GBW
No. 1:20-cv-01325-WJ-GBW
Consolidated

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO REMAND AND NOTICE

**THIS MATTER** comes before the Court on Plaintiff's Motion to Remand UTPA Brand Deceit Claim, Count 6, and Related Counts 7 and 8 to State Court Pursuant to 28 U.S.C. 1441(c) (Mehta Matter), Doc. 63, filed December 23, 2020 ("Motion to Remand").

On December 23, 2020, Plaintiff filed his Motion to Remand the brand deceit claim for the latest case consolidated with this case. *See* Doc. 63. Later that same day, the Court denied Plaintiff's previous motions to remand the brand deceit claims of other previously consolidated cases. *See* Doc. 64, filed December 23, 2020. The Court denies Plaintiff's latest Motion to Remand the brand deceit claim because Plaintiff "accepted the [previous] ruling [denying the motions to remand the brand deceit claims] as the law of the case" and stipulated to denial of the latest Motion to Remand. *See* Doc. 69, filed January 7, 2020.

**Notice**

Plaintiff filed his latest Motion to Remand on December 23, 2020, on the same day but earlier than the Court's Order denying Plaintiff's previous motions to remand. Intervenor State of

New Mexico filed its Response on January 6, 2020.  *See* Doc. 66.  Defendants Deepak Mehta and Meera Mehta also filed their Response on January 6, 2020.  *See* Doc. 68.

Plaintiff asserts that the Mehtas' Response was not necessary because Plaintiff executed a stipulated order denying Plaintiff's Motion to Remand on January 5, 2020, at the request of counsel for Defendants Deepak Mehta and Meera Mehta.  *See* Reply, Doc. 69.  The State of New Mexico was not a party to the stipulated order denying the Motion to Remand.  Plaintiff also asserts that the Court's previous ruling is "the law of the case" and that the State's Response was also unnecessary because "[w]hen the Court issues a ruling relating to one party that is dispositive of the same issue concerning a different party, all that is necessary is to pick up the phone and call" Plaintiff.  The Court notes that Plaintiff's reasoning regarding the law of the case suggests that Plaintiff also had an obligation to withdraw his Motion.

The Court, which has a very heavy case load, reminds counsel and Plaintiff that they "share the responsibility" to secure the just, speedy, and inexpensive determination of every action.  Fed. R. Civ. P. 1 advisory committee's note to 2015 amendment.  Expending time addressing unnecessary documents delays the resolution of not only this case but also the Court's other cases.  The Court expects counsel and Plaintiff to communicate and to try to resolve issues before bringing them to the Court.

**IT IS ORDERED** that Plaintiff's Motion to Remand UTPA Brand Deceit Claim, Count 6, and Related Counts 7 and 8 to State Court Pursuant to 28 U.S.C. 1441(c) (Mehta Matter), Doc. 63, filed December 23, 2020, is **DENIED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE