IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PETER STROJNIK,

    Plaintiff,

v.

ALBUQUERQUE BOCA HOTEL, LP
D/B/A CROWNE PLAZA
ALBUQUERQUE,

    Defendant.

No. 1:20-cv-00843-WJ-GBW
No. 1:20-cv-00875-WJ-GBW
No. 1:20-cv-00938-WJ-GBW
No. 1:20-cv-00940-WJ-GBW
No. 1:20-cv-00998-WJ-GBW
No. 1:20-cv-01034-WJ-GBW
No. 1:20-cv-01325-WJ-GBW
Consolidated

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT WYNDHAM HOTELS & RESORTS, LLC'S
## MOTION TO DISMISS FOR INSUFFICIENT PROCESS

**THIS MATTER** comes before the Court on Defendant Wyndham Hotels & Resorts, LLC's ("Wyndham") Motion to Dismiss for Insuff[ic]ient Process, Doc. 84, filed March 19, 2021 ("Motion").

Plaintiff filed a complaint against Wyndham and Deepak and Meera Mehta d/b/a Microtel Inn by Wyndham ("Mehta Action") in state court on November 6, 2020. *See* Motion at 1. The Mehtas removed the action to this Court on December 18, 2020. *See* Motion at 1. The Court consolidated the Mehta Action with this case on December 22, 2020. *See* Doc. 62.

On February 23, 2021, United States Magistrate Judge Gregory Wormuth noted that Defendant Wyndham "has not yet entered an appearance and does not appear to have been served" and ordered that "Service on this Defendant is due no later than March 18, 2021." Initial Scheduling Order at 3, Doc. 80.

On March 18, 2021, Plaintiff filed a "Return of Service" which states that a process server served Defendant Wyndham on February 26, 2021, which is a little over two months *after* the Mehta Action was removed to this Court and consolidated with this action.  Doc. 82.

Defendant Wyndham asserts that "the service packet delivered to Wyndham ... lacks a summons issued by the clerk of the federal court with [his] signature, nor did it provide the correct name of the court in which the case was pending after removal, or the correct time within which Wyndham must appear and defend."  Motion at 2 (attaching service packet which shows the case is in state court).  Defendant Wyndham contends that the Court should dismiss all claims against it because Plaintiff did not properly serve Defendant Wyndham by the March 18, 2021, deadline in Judge Wormuth's Initial Scheduling Order.  Defendant Wyndham also notes that "[w]hile the Court has discretion to permit additional time for Mr. Strojnik to cure these deficiencies, several indisputable facts warrant the Court's dismissal of his claims against Wyndham."  Motion at 4-5 (stating Plaintiff failed to serve Defendant Wyndham for over four months since filing his complaint in state court, Plaintiff did not comply with the Initial Scheduling Order because he did not properly serve Defendant Wyndham by the Court's deadline, Plaintiff has been declared a vexatious litigant by a number of courts, including the United States District Court for the District of Arizona, and Plaintiff's attempt to serve Defendant Wyndham "with the state court summons and complaint, knowing that the case had been removed months ago, is yet another instance of Mr. Strojnik's frivolous and harassing litigation tactics").

In his Response, Plaintiff does not dispute Defendant Wyndham's contention that service was insufficient.  *See* Doc. 87.   Plaintiff states:

> The parties discussed the 10(b)(5)[1] matter by email. Exhibit 1. As noted in the email exchange, Plaintiff is indifferent to Defendant's position with the exception that the proper remedy is not a dismissal but a confirmation that Wyndham never removed the matter to the district court.

Response at 2. Plaintiff does not cite any legal authority to support his assertion that "the proper remedy is not a dismissal but a confirmation that Wyndham never removed the matter to the district court."

The Court dismisses Plaintiff's claims against Defendant Wyndham for insufficient service of process because Plaintiff's summons did not name this Court, is not signed by the Clerk of this Court and does not bear this Court's seal, and because Plaintiff stated he is "indifferent to Defendant's position" and did not request additional time to properly serve Defendant Wyndham. The Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." Fed. R. Civ. P. 81(c); *see also* 28 U.S.C. § 1448(a) (in cases removed from state court to any United States District Court where any of the defendants have not been properly served prior to removal, "process or service may be completed or new process issued in the same manner as in cases originally filed in such district court"). Rule 4(a) requires, among other things, that a summons must "name the court," "be signed by the clerk," and "bear the court's seal." Fed. R. Civ. p. 4(a).

**IT IS ORDERED** that Defendant Wyndham Hotels & Resorts, LLC's Motion to Dismiss for Insuff[ic]ient Process, Doc. 84, filed March 19, 2021, is **GRANTED.** Plaintiff's claims against Defendant Wyndham Hotels & Resorts, LLC, are **DISMISSED.**

WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff appears to be referring to Fed. R. Civ. P. 12(b)(5) which allows a party to assert a defense for insufficient service of process.

3