IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| PETER STROJNIK, | No. 1:20-cv-00843-WJ-GBW |
| Plaintiff, | No. 1:20-cv-00875-WJ-GBW |
| | No. 1:20-cv-00938-WJ-GBW |
| v. | No. 1:20-cv-00940-WJ-GBW |
| | No. 1:20-cv-00998-WJ-GBW |
| ALBUQUERQUE BOCA HOTEL, LP | No. 1:20-cv-01003-WJ-GBW |
| D/B/A CROWNE PLAZA | No. 1:20-cv-01034-WJ-GBW |
| ALBUQUERQUE, | No. 1:20-cv-01325-WJ-GBW |
| | Consolidated |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**THIS MATTER** comes before the Court on Plaintiff's Motion for Partial Summary Judgment, Doc. 132, filed July 22, 2021 ("Motion"). Plaintiff seeks partial summary judgment "only on the federal question whether Defendant Albuquerque Boca Hotel, LP, dba Crowne Plaza Albuquerque ("Defendant") violated Plaintiff's civil rights under Title III of the Americans with Disabilities Act." Motion at 1.

Defendant argues that: (i) Plaintiff is not an expert and cannot opine on matters of ADA compliance; (ii) Plaintiff failed to make a prima facie claim of entitlement of judgment under Title III of the ADA; and (iii) Defendant is entitled to an opportunity to discover facts that would support its opposition to Plaintiff's Motion under Rule 56(d). Response, Doc. 138, filed August 5, 2021. Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> **(1)** defer considering the motion or deny it;
>
> **(2)** allow time to obtain affidavits or declarations or to take discovery; or

      **(3)** issue any other appropriate order.

Fed. R. Civ. P. 56(d).  Counsel for Defendant filed an affidavit identifying facts not available, explained why those facts cannot be presented currently, and described how additional time will enable Defendant to obtain those facts and rebut the motion for partial summary judgment.  *See* Rule 56(d) Affidavit of Counsel, Doc. 138-1, filed August 5, 2021.  United States Magistrate Judge Gregory B. Wormuth entered his Order Setting Pretrial Deadlines and Briefing Schedule on June 22, 2021.  *See* Doc. 121.  Judge Wormuth's Order requires Defendants to coordinate with each other to serve shared interrogatories, shared requests for production and shared requests for admissions on Plaintiff.  Judge Wormuth's Order set a termination date of discovery for April 1, 2022.  Defendant's counsel stated Defendant "has yet to serve discovery requests on Plaintiff, as it is working to coordinate with the other remaining Defendants to ensure it complies with [Judge Wormuth's] Order."  Rule 56(d) Affidavit of Counsel at 3, ¶ 13.

    The Court denies Plaintiff's Motion because counsel for Defendant has not yet served discovery requests on Plaintiff, Defendant cannot present facts essential to justify its opposition until after it conducts discovery, and discovery does not terminate until April 1, 2022.

    **IT IS ORDERED** that Plaintiff's Motion for Partial Summary Judgment, Doc. 132, filed July 22, 2021, is **DENIED.**

                                                    **WILLIAM P. JOHNSON**
                                                   **CHIEF UNITED STATES DISTRICT JUDGE**